IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVANGEL ASSEMBLY OF GOD,

        Plaintiff,

v.                                                                                                       Case No. 21-1097-JWB

BROTHERHOOD MUTUAL INSURANCE COMPANY,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to dismiss Count II of Plaintiff's petition. (Doc. 16.) Plaintiff failed to file a response and the time for doing so has now passed. Defendant's motion is GRANTED for the reasons stated herein.

**I.  Facts**

Plaintiff Evangel Assembly of God's church building was insured by a policy issued by Defendant. On May 5, 2019, a wind and hailstorm caused significant damage to the church. Plaintiff made a claim under the policy. In its petition, Plaintiff alleges that Defendant failed to properly inspect the church building, failed to properly document the damage, and did not provide the full allowance to restore the church to its pre-loss condition. (Doc. 14, Exh. A at 2.) Plaintiff filed a petition in state court and Defendant removed the action to this court. (Doc. 1.) Plaintiff's petition alleges three claims against Defendant: breach of contract (Count I); violations of the Kansas Insurance Code (Count II); and breach of the duty of good faith and fair dealing (Count III).

Defendant moves for dismissal of Count II on the basis that there is no private cause of action for violations of the Kansas Insurance Code.

1

## II.     Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Although Plaintiff has failed to respond to the motion, the court must still examine the allegations and determine whether Plaintiff has stated a claim upon which relief can be granted. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003).

## III.    Analysis

In Count II, Plaintiff alleges that Defendant's actions and omissions constitute violations of K.S.A. 40-2404(9) and K.A.R. 40-1-34, a related regulation. (Doc. 14, Exh. A at 5.) Defendant argues that this claim is subject to dismissal as there is no private cause of action under these laws. K.S.A. 40-2401 through 40-2414 constitutes the "unfair trade practice law." K.S.A. 40-2414b. The statute cited by Plaintiff, K.S.A. 40-2404(9), sets forth prohibited practices in the insurance industry. That statutory scheme, however, does not provide a private cause of action. *Cole v. State Farm Mut. Auto. Ins. Co.*, No. 17-CV-01308-EFM-TJJ, 2018 WL 2926399, at *2 (D. Kan. June 8, 2018) (citing *Earth Scientists (Petro Servs.) Ltd. v. U.S. Fidelity & Guar. Co.*, 619 F. Supp. 1465, 1470 (D. Kan. 1985)). Rather, it is the Commissioner of Insurance who has the power to enforce the unfair trade practice law. *Id.*; K.S.A. 40-2407(a). "[T]he aggrieved insured has only two

remedies to pursue—[it] may file suit for breach of the insurance contract and/or [] report the insurer to the Insurance Commissioner who may proceed under the [Kansas Uniform Trade Practices] Act." *Id.* Similarly, there is no private cause of action with respect to K.A.R. 40-1-34. *See King v. Fed. Ins. Co.*, 788 F. Supp. 506, 507 (D. Kan. 1992), *aff'd*, 996 F.2d 311 (10th Cir. 1993).

Therefore, Plaintiff's claim is subject to dismissal.

### IV.     Conclusion

Defendant's motion to dismiss Count II (Doc. 16) is GRANTED.

IT IS SO ORDERED.  Dated this 16th day of September, 2021.

    s/ John W. Broomes    
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE